**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MELISSA MURPHY,

      Plaintiff,

      v.

KROGER COMMUNITY
FOUNDATION, INC.

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:05-CV-3173-RWS

## ORDER

This case comes before the Court on Defendant's Motion for Summary

Judgment [18].  After reviewing the entire record, the Court enters the

following Order.

### Background

Plaintiff Melissa Murphy, a former employee of The Kroger Company,

Inc., brought this action against Defendant Kroger Community Foundation, Inc.

on December 15, 2005, alleging that she was terminated on the basis of

disability in violation of the Americans with Disabilities Act and Vocational

Rehabilitation Act.  On July 12, 2006, Plaintiff filed an unsigned "Notice of

Misnomer" [7], stating that the correct legal name of the defendant in this action is Kroger Company, Inc. and requesting that the Court correct the records to reflect this change.  Plaintiff did not, however, serve process on The Kroger Company, Inc. or subsequently attempt to do so.

On September 24, 2006, Plaintiff filed a Motion to Enforce a Settlement Agreement that was allegedly made between Plaintiff and the Kroger Co.  In denying that Motion, the Court noted that "the Kroger Company is not before the Court as a party to this action" and concluded that there was no enforceable agreement between Plaintiff and Defendant Kroger Community Foundation, which is now a defunct corporation.  (See Order of Nov. 14, 2006 [16] at 3.)

After almost ten months of inactivity in this case and after the discovery period closed, the Court ordered the parties to file motions for summary judgment by August 20, 2007.  (Order of July 17, 2007 [17].)  Defendant Kroger Community Foundation moved for summary judgment on August 20, 2007.  On September 19, 2007, Plaintiff filed an untimely response.  The Court now turns to address that Motion.

## Discussion

**I.      Summary Judgment Standard**

2

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome

AO 72A
(Rev.8/82)

of the suit under the governing law.  Id.  An issue is genuine when the evidence
is such that a reasonable jury could return a verdict for the non-moving party.
Id. at 249-50.

In resolving a motion for summary judgment, the court must view all
evidence and draw all reasonable inferences in the light most favorable to the
non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th
Cir. 2002).  But, the court is bound only to draw those inferences which are
reasonable.  "Where the record taken as a whole could not lead a rational trier
of fact to find for the non-moving party, there is no genuine issue for trial."
Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting
Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106
S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or
is not significantly probative, summary judgment may be granted."  Anderson,
477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at
586 (once the moving party has met its burden under Rule 56(c), the
nonmoving party "must do more than simply show there is some metaphysical
doubt as to the material facts").

With this standard as a foundation, the Court turns to address the merits of Defendant's Motion for Summary Judgment.

## II.     Defendant's Motion for Summary Judgment

Defendant Kroger Community Foundation, Inc. moves for summary judgment, stating that it has never employed Plaintiff and is thus not the proper defendant in this action.  Defendant also notes that Plaintiff has made no attempt to serve the proper defendant, The Kroger Company, Inc., or amend her Complaint to add it as a party to this action.

Although Plaintiff asserts in her untimely response that she "served the proper party," Plaintiff fails to present any evidence to dispute the fact that The Kroger Company has not been served in this action.  The Court has previously noted that "the Kroger Company is not before the Court as a party to this action."  (See Order of Nov. 14, 2006 [16] at 3.)  That fact remains.  Plaintiff has offered neither a certificate of service confirming that The Kroger Co. has been served in the action nor an affidavit attesting to that fact.  Nor has Plaintiff amended her Complaint to add The Kroger Company as a defendant in this action.

AO 72A
(Rev.8/82)

Having reviewed the filings on this matter, the Court finds that, because Defendant did not employ Plaintiff, its Motion for Summary Judgment is due to be **GRANTED**.  Moreover, to the extent that Plaintiff requests, in her untimely Response, leave to amend her Complaint to add the proper party to this action and to serve The Kroger Co. more a year-and-a-half outside of the 120-day period proscribed by Rule 4(m), that request is **DENIED**.

### Conclusion

Defendant's Motion for Summary Judgment [18] is **GRANTED**.  The Clerk is hereby **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff in this action.

To the extent that Plaintiff requests leave to amend her complaint to add the proper party to this action and to serve The Kroger Company, Inc., that request is **DENIED.**

**SO ORDERED** this   2nd   day of November, 2007.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6